UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL T. COHEN and JEROME BIRN, On Behalf of Themselves and All Others Similarly Situated and Derivatively on Behalf of THE BEAR STEARNS COMPANIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES E. CAYNE, SAMUEL L. MOLINARO, JEFFREY M. FARBER, JEFFREY MAYER, MICHAEL MINIKES, ALAN D. SCHWARTZ, WARREN J. SPECTOR, HENRY BIENEN, CARL D. GLICKMAN, MICHAEL GOLDSTEIN, ALAN C. GREENBERG, DONALD J. HARRINGTON, FRANK T. NICKELL, PAUL A. NOVELLY, FREDERIC V. SALERNO, VINCENT TESE, WESLEY S. WILLIAMS, JR., <br><br> Defendants, <br><br> -and- <br><br> THE BEAR STEARNS COMPANIES, INC., a Delaware corporation, <br><br> Nominal Defendant. | **Civil Action No. 07-cv-10453-RWS** |

*(This Document Also Relates To the Actions Listed On the Following Page)*

**PLAINTIFFS SAMUEL T. COHEN'S AND JEROME BIRN'S OPPOSITION TO DEFENDANTS' INFORMAL REQUEST TO CONSOLIDATE PLAINTIFFS' SECOND AMENDED COMPLAINT WITH THE PSLRA CLASS ACTIONS**

| | |
|---|---|
| EASTSIDE HOLDINGS INC., Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR. and ALAN C. GREENBERG,<br><br>     Defendants. | **Civil Action No.: 1:08-cv-02793-RWS** |
| RAZILL C. BECHER, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, SAMUEL L. MOLINARO, JR. and ALAN C. GREENBERG,<br><br>     Defendants. | **Civil Action No.: 1:08-cv-02866-RWS** |
| GREEK ORTHODOX ARCHDIOCESE FOUNDATION, by and through GEORGE KERITSIS, TRUSTEE, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>THE BEAR STEARNS COMPANIES INC., JAMES E. CAYNE, ALAN D. SCHWARTZ, WARREN J. SPECTOR, and SAMUEL L. MOLINARO, JR.,<br><br>     Defendants. | **Civil Action No. 1:08-cv-03013-RWS** |

# TABLE OF CONTENTS

I.   INTRODUCTION.................................................................................................1

II.  ARGUMENT......................................................................................................2

   The Derivative Action and the PSLRA Class Actions Should Remain Separate

III. CONCLUSION....................................................................................................6

## I. INTRODUCTION

Four separate movant groups in the three federal securities law class actions brought under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") (the "PSLRA Class Actions")[1] have moved this Court for consolidation and the appointment of lead plaintiff and counsel in filings dated May 16 and May 19, 2008. Recognizing that the PSLRA does not encompass the types of claims made by plaintiffs Samuel T. Cohen and Jerome Birn ("Plaintiffs") in their Second Amended Complaint ("SAC" or the "Derivative Action") in *Cohen, et al. v. The Bear Stearns Companies, Inc., et al.*, Case No. 1:07-cv-10453-RWS (the "Derivative Action"), and that consolidation of the Derivative Action with the PSLRA Class Actions is inappropriate and, indeed, could present potential conflict issues, none of these PSLRA lead plaintiff movants have included the Derivative Action in their respective consolidation motions.

The Bear Stearns Companies, Inc. ("Bear Stearns" or the "Company"), on behalf of all defendants, however, filed a response on June 2, 2008 to certain aspects of the PSLRA lead plaintiff motions in the PSLRA Class Actions, and, buried in a footnote in that response in those cases, *see* Defendants' Response to Motions to Consolidate the Related Actions, Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Lead Counsel ("Defs.' Resp.") at 3 n. 3, make an informal and improper request to "consolidate" the Derivative Action with the PSLRA Class Actions. This informal request is based, according to Bear Stearns, on its view that the purely state-law-based claims in the Derivative Action should, in their view, be combined in a single consolidated amended

---

[1] Those cases are: *Eastside Holdings Inc. v. The Bear Stearns Companies Inc., et al.*, 1:08-cv-02793-RWS (Mar. 17, 2008); *Becher v. The Bear Stearns Companies Inc., et al.*, 1:08-cv-02866-RWS (Mar. 18, 2008); *Greek Orthodox Archdiocese Foundation, et al., v. The Bear Stearns Companies Inc., et al.*, 1:08-cv-03013 (Mar. 25, 2008).

complaint along with the federal securities law claims alleged on behalf of a separate and distinct class in the PSLRA Class Actions.

First, defendants' attempt to obtain consolidation of the Derivative and PSLRA Class Actions through a footnote in a Response in the PSLRA Class Actions, rather than through a proper motion under Fed. R. Civ. P. 42(a), should be rejected for its failure to comply with the Federal Rules of Civil Procedure (not to mention good practice and fair notice), and treated as a nullity. Second, even if the Court overlooks the procedural infirmity of defendants' effort to have the Derivative Action absorbed into the PSLRA Class Actions, the request should be denied because merging the two actions (as opposed to coordination between counsel in the two types of cases) is improper due to the distinct nature of the claims asserted in the respective actions.

## II.    ARGUMENT

**The Derivative Action and the PSLRA Class Actions Should Remain Separate**

The Derivative Action was commenced on November 19, 2007, and asserts, *inter alia*, claims for gross mismanagement, waste and breaches of fiduciary duty by the former officers and directors of Bear Stearns on behalf of Bear Stearns and a class of former Bear Stearns shareholders who were cashed-out of their Bear Stearns shares in the merger between Bear Stearns and JPMorgan Chase & Co. ("Morgan") at a depressed price (the "Merger") resulting from those defendants' misfeasance and/or malfeasance. By contrast, the PSLRA Class Actions, which were commenced on March 17, 2008, allege federal securities laws claims based solely on misrepresentations and omissions in connection with purchases of Bear Stearns stock by investors between December 14, 2006 and March 14, 2008. The Derivative Action does not plead a single cause of action on behalf of class members in that action for violations of securities law. Specifically, Plaintiffs' claim on behalf of the

class assert only a breach of fiduciary duties against certain individual defendants for injuries initially caused to Bear Stearns.

Furthermore, the PSLRA Class Actions do not name all of the individual defendants named in Plaintiffs' class claim, namely Henry Bienen, Carl D. Glickman, Michael Goldstein, Donald J. Harrington, Frank T. Nickell, Paul A. Novelly, Frederic V. Salerno, Vincent Tese and Wesley S. Williams, Jr. The PSLRA Class Actions assert class claims against defendants Warren J. Spector and Samuel L. Molinaro, Jr., who are not named as defendants in Plaintiffs' class claim. Thus, the actions will be litigated against different defendants.

Merging a federal securities law class action brought under the PSLRA with a derivative/shareholders' action alleging rights predicated on state-law has no precedent under the PSLRA. Indeed, such a procedure would violate the holding in *Santa Fe Industries., Inc. v. Green*, 430 U.S. 462 (1977), which rejected claims for mismanagement as a basis for a federal securities law action. *See id.*, at 477. Moreover, the PSLRA, on its face, does not encompass the types of claims alleged in the Derivative Action.

In making their request to have the Derivative Action improperly absorbed by the PSLRA Class Actions, defendants offered a preview of their anticipated motion to dismiss the Derivative Action in a letter addressed to the Court dated May 30, 2008, arguing, incorrectly, Plaintiffs lack standing to assert their derivative claims due to the Merger. *See* Letter from Eric S. Goldstein, Esq. to Hon. Robert W. Sweet, dated May 30, 2008, at 1-2. This argument, notwithstanding its lack of merit, makes it clear that any motion to dismiss the Derivative Action will involve factual and legal issues completely separate and distinct from those the Court will face with respect to any motion to dismiss the PSLRA Class Actions. That concession by defendants alone demonstrates why the Derivative Action and the PSLRA Class Actions must remain separate. Indeed, the claims against

the individual defendants named in the Derivative Action brought on behalf of the former owners of the corporate entity for the damage to that entity and those in the PSLRA Class Actions brought on behalf of open-market Bear Stearns securities purchasers, in many respects, sharply conflict. Evidence of one of these conflicts is the fact that the class definition in all of the PSLRA Class Actions (as well as the class definitions set forth in the PSLRA lead plaintiff motions), expressly exclude Bear Stearns from class membership. *See, e.g., Eastside Holdings Inc. v. The Bear Stearns Companies Inc., et al.*, 1:08-cv-02793-RWS (S.D.N.Y), Dkt. No. 1, ¶65.

Since Plaintiffs' claims in the Derivative Action assert claims that primarily arise from injuries to Bear Stearns before the Merger, Bear Stearns' exclusion from the class definition in the PSLRA Class Actions makes it plain that these two distinct types of cases are improper candidates for "consolidation" or common leadership under the PSLRA, *see* 15 U.S.C. § 78u-4(a)(3)(B)(ii), *et seq.* (directing only consolidation of actions "on behalf of a class asserting substantially the same claim or claims arising under [the federal securities laws]..."), or the common law of this District. *See, e.g., Kamerman v. Steinberg*, 113 F.R.D. 511, 516 (S.D.N.Y. 1986) (rejecting proposed class representative who sought to represent purchaser class claims under the federal securities laws and shareholder derivative claims as the two types of claims conflict). Clearly, these differences would make it impossible for a consolidated complaint to account for the derivative claims.[2]

Furthermore, if the actions are forced to proceed together without separate representative plaintiffs and separate counsel, and the actions reach trial, a jury hearing the consolidated cases would likely confuse liability of the Company as alleged in the PSLRA Class Actions with the

---

[2] While Fed. R. Civ. P. Rule 42(a) allows this Court to consolidate actions "when there are common questions of law or fact to avoid unnecessary costs or delay," the authorities Defendants cite in support of this rule rely heavily on a court's consolidation of similar *securities* class actions, not consolidation of PSLRA securities class actions with state-law based derivative claims. Defs.' Resp. at 3; *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

4

liability of the officers and directors to the Company as alleged in the Derivative Action. A jury would also be forced to decide both whether the Company should be made to pay damages to the purchasers of its securities and whether the Company is entitled to damages from the actions of its officers and directors. Such confusion and prejudice to Plaintiffs precludes having the same plaintiff representatives or counsel for both the Derivative Action and the PSLRA Class Actions.

Obviously, the PSLRA lead plaintiff/class representative cannot represent the interests of former Bear Stearns stockholders with respect to the claims in the Derivative Action and, for this reason, none of the various motions for consolidation and lead plaintiff/lead counsel appointment in the PSLRA Class Actions have sought to have the Derivative Action consolidated with them.

For the foregoing reasons, courts in this District, recognizing the distinctiveness of the two types of cases, have consistently established separate leadership structures for derivative plaintiffs and securities class action plaintiffs. *See, e.g., In re Merrill Lynch & Co., Inc. Securities, Derivative and ERISA Litigation*, 1:07-cv-09633-LBS (October 30, 2007) Dkt. No. 37, ¶¶ 3, 5 (appointing lead plaintiff and lead counsel under the PSLRA to represent federal securities claims and separate Plaintiffs' Executive Committee to represent derivative plaintiffs); *see also In Re Conseco, Inc. Sec. Litig. and In Re Conseco, Inc. Derivative Litig.*, 120 F. Supp. 2d 729, 734-35 (S.D. Ind. 2000) (appointment of separate lead counsel for derivative and PSLRA actions); *In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation,* MDL No. 1658 (SRC), Master File No. 3:05-CV-1151-SRC-TJB, Pretrial Order No. 1, Initial Case Management Order (D. N.J. May 4, 2005), Dkt. No. 60 (separately consolidating each group of securities, derivative and ERISA cases, respectively, and appointing separate lead counsel for securities, derivative and ERISA cases, respectively)

Accordingly, as the sole derivative/holder class action before the Court, Plaintiffs in the Derivative Action have filed contemporaneously a motion for the appointment of lead counsel to

manage the case and coordinate with counsel appointed as Class Counsel for the PSLRA Class Actions.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request this Court deny consolidation of the Derivative Action with the PSLRA Class Actions. If the Court wishes to consolidate the actions, Plaintiffs respectfully request the Court appoint Brower Piven, P.C. and Robbins Umeda & Fink, LLP as separate Co-Lead Counsel for the claims asserted in the Derivative Action.

DATED: June 10, 2008

Respectfully submitted,

BROWER PIVEN, P. C.

By: /s/ *David A.P. Brower*
DAVID A.P. BROWER
488 Madison Avenue
Eighth Floor
New York, NY 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Counsel for plaintiff Samuel T. Cohen and Proposed Co- Lead Counsel*

ROBBINS UMEDA & FINK, LLP
JEFFREY P. FINK
GEORGE C. AGUILAR
SHANE P. SANDERS
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

*Counsel for Plaintiff Jerome Birn and Proposed Co-Lead Counsel*